BRINSON *et al. v.* EDENFIELD *et al.,* commissioners.

County authorities having charge of the roads and revenues of a county can not lawfully build bridges of the character referred to in § 387 of the Civil Code (1910), except by letting out the contract therefor according to the provisions of §§ 387 et seq. The facts of this case bring it within the operation of the rule just stated.

JUNE 14, 1917.

Petition for injunction. Before Judge Hammond. Jenkins superior court. October 28, 1916.

The county commissioners of Jenkins County advertised for bids for lumber and piling—material to be used in building a bridge and the approaches thereto over a named stream in the county; and also for bids for the building of the same. Two bids were received for furnishing the lumber, but there were no bids for building the bridge. The contract for furnishing the lumber was awarded to a named party. Brinson and others, as residents and taxpayers of the county, brought their petition against the commissioners, to restrain and enjoin them from carrying out the contract for the purchase of the lumber, and from issuing warrants in payment of the same, and from building the bridge and the approaches thereto. From an agreed statement of the facts submitted at the hearing it appears that the lumber would cost $1994; that the commissioners had on hand in the bank, as personal contributions for the building of the bridge, the sum of $1684.33; that the commissioners expected and intended to get out the piling and to build the bridge with the convicts of Jenkins County; that the balance due on the lumber and getting out the piling and the building of the bridge by said convicts would cost in excess of $300

over and above the contributions; and that the commissioners expected to pay for said bridge by warrants on the treasurer of Jenkins County. Upon the hearing the court refused an interlocutory injunction.

*William Woodrum* and *E. K. Overstreet,* for plaintiffs.

*C. H. & R. S. Cohen, A. S. Andrews,* and *E. G. Weathers,* for defendants.

BECK, J. (After stating the foregoing facts.). The facts presented in the record are not entirely clear. It appears from the petition that the commissioners of Jenkins County are about to build a certain bridge over Ogeechee river and "three bridges approaching said bridge." In the agreed statement of facts it is stated that the cost of building "the bridge" will be more than $300 in excess of the amount "contributed." From this we conclude that a bridge is to be built which will cost the county more than $300; and that being true, the county authorities could only have the same built by letting out the contract therefor to the lowest bidder, at public outcry, before the court-house door, after having advertised the letting of said contract as provided by statute. Such are the provisions in section 387 of the Civil Code, relating to the mode of contracting in certain cases of erecting public works. A discussion of this case is unnecessary, in view of the decision by this court in the case of *Garrison* v. *Perkins,* 137 *Ga.* 744 (74 S. E. 541). Nor, in view of the scope of that decision, need we discuss here, in connection with the issues in the present case, upon what work the convict labor of the county may be employed.   *Judgment reversed. All the Justices concur.*